UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-219-TAV-HBG |
| | ) | |
| JAVASTON D. BADGETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is defense counsel's Motion to Review Appointment of Counsel [Doc. 18], filed on October 19, 2020. The parties appeared before the Court via videoconference for a motion hearing on October 26, 2020. Assistant United States Attorney Alan Kirk represented the Government. Assistant Federal Defender Benjamin Sharp and the Federal Defender Services of Eastern Tennessee ("FDSET") appeared on behalf of Defendant, who was also present. Attorney Christopher Rodgers was also present.

In his Motion to Review Appointment of Counsel [Doc. 18], Assistant Federal Defender Sharp states that Defendant has requested that substitute counsel be appointed. During the motion hearing, Assistant Federal Defender Sharp detailed that it was his opinion that the attorney-client relationship was irretrievably broken due to a breakdown in communication. The Government stated that it takes no position on the pending motion.

Based upon the representations of Assistant Federal Defender Sharp and Defendant during the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded, although the Court finds no fault on

the part of Assistant Federal Defender Sharp for this situation. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's Motion to Review Appointment of Counsel [Doc. 18] is **GRANTED**, and Assistant Federal Defender Sharp and the FDSET are **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Rodgers agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Rodgers under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Assistant Federal Defender Sharp and the FDSET are **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Rodgers.

Additionally, Attorney Rodgers requested that a new motion deadline be set in Defendant's case to allow him to determine whether any pretrial motions are necessary. Accordingly, the Court finds good cause for an extension of the motion deadline, and it is **RESET** for **November 20, 2020**. Responses to motions are due on or before **December 4, 2020**

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Review Appointment of Counsel [**Doc. 18**] is **GRANTED**;

(2) Assistant Federal Defender Sharp and the FDSET are **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible;

(3) Attorney Christopher Rodgers is **SUBSTITUTED and APPOINTED** as counsel of record for the Defendant pursuant to the CJA; and

2

(4) The motion deadline is reopened at Defendant's request and **RESET** for **November 20, 2020.** Responses to motions are due on or before **December 4, 2020**.

**IT IS SO ORDERED**

ENTER:

_____
United States Magistrate Judge