IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-219-TAV-HBG |
| | ) | |
| JAVASTON D. BADGETT, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Javaston D. Badgett's Motion to Suppress [Doc. 23], filed on December 21, 2020, and referred [Doc. 24] to the undersigned on December 28, 2020. *See* 28 U.S.C. § 636(b). The Court ordered Defendant Badgett to supplement his motion with a brief demonstrating cause for the untimely filing of the motion, which was filed one month after the expiration of the November 20, 2020 motion deadline [Doc. 25]. On January 8, 2021, Defendant Badgett filed a brief, explaining the untimely filing and asking the Court to grant a hearing on the suppression motion [Doc. 26].

The Defendant contends that circumstances beyond defense counsel's control prevented him from filing the suppression motion timely. According to the brief, defense counsel and his investigator were not able to meet with the Defendant at the jail until December 9, 2020, due to counsel and his family quarantining after multiple exposures to Covid-19 in November and early December 2020. Defense counsel states that after meeting with the Defendant, further review of discovery and investigation was necessary to determine whether to file the suppression motion. Defense counsel acknowledges his oversight and mistake in not asking to file the suppression

motion out of time and states that the Defendant understands that litigation of the suppression motion may require a continuance of the February 9 trial date in this case.

The Government responds that it has no reason to question the explanation for the untimely filing and takes no position on whether the Court should hear the motion [Doc. 27]. The Government states that it would not have opposed a defense motion to file the suppression motion out of time based on the same reasoning in the Defendant's brief.

Motions seeking to suppress evidence must be raised pretrial. Fed. R. Crim. P. 12(b)(3)(C). Rule 12 recognizes the Court's authority to set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)-(2). If a party fails to file a pretrial motion timely, the Court has discretion to decline to consider the motion, unless the party can show "good cause" for the untimely filing. Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (emphasis in original). Our appellate court "rejects improvident strategy as a reason to excuse a tardy defensive motion." *United States v. Campos*, No. 5:17-CR-55-DCR-REW, 2018 WL 1406614, *3 (E.D. Ky Feb. 23, 2018) (R. Wier, MJ, Recommended Disposition). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)).

In the instant case, the Court finds the Defendant has stated good cause for the delay in filing the suppression motion. Defense counsel, who was substituted as counsel of record on October 26, 2020, was not able to meet with the Defendant about the discovery and need for pretrial motions, until after the expiration of the motion deadline, due to quarantine restrictions for counsel and his family throughout the month of November and in early December. After this

meeting, counsel needed time to review the discovery and investigate the underlying facts before filing the suppression motion.  The Court finds, based on the representations of defense counsel, the Defendant has provided a legitimate explanation for the untimely filing and that the delay in filing was not a matter of defense strategy.  Moreover, the Government does not raise any prejudice from the untimely filing and states that if the motion is permitted, it will promptly respond.

Accordingly, the Court finds the Defendant has established good cause for the untimely filing of the suppression motion.  Defendant Badgett's request for a hearing on the suppression motion is **GRANTED**.  The Government is **DIRECTED** to respond to the suppression motion on or before **January 29, 2021**.  The Court will contact the parties to schedule a hearing on the suppression motion.  At the suppression hearing, the Court will address the trial date and schedule in this case.

**IT IS SO ORDERED.**

ENTER:

Bruce Guyton
United States Magistrate Judge